# DECISIONS

OF THE

# Court of Appeals of Kentucky

## SEPTEMBER TERM, 1910.

## R. Morgan Coal Company v. Louisville Coal & Coke Company.

### (Decided December 1, 1910.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, First Division).

1. Contract—Sale of Coal—Agreement as to Commissions.—The written contract in this case was simply an engagement on the part of both appellant and appellee to furnish to Ballard & Ballard Co., a certain grade of coal upon the terms and conditions therein specified. It was not necessary that the agreement as to commissions should be set out in that contract, nor was the contract intended to cover that subject. The proof of the oral agreement in no wise varied, altered or contradicted the written contract. It was, therefore, proper to prove a parol agreement as to commissions.

2. Evidence—Weight—Conflict.—While there is sharp conflict in the evidence, we cannot say that the finding of the jury is flagrantly against the weight of the evidence. The jury evidently took in consideration the improbability of appellee's engaging to sell appellant's coal without the expectation of any commission, and the further improbability of appellant's undertaking and binding itself to furnish the coal specified in the written contract without any expectation of being required to do so.

R. Y. THOMAS, JR., for appellant.

EDWARDS, OGDEN & PEAK for appellee.

vol. 141—1

Opinion of the Court by William Rogers Clay, Commissioner—Affirming.

The appellant, R. Morgan Coal Company, owns and operates coal mines in Southern Kentucky. Appellee, Louisville Coal & Coke Company, is engaged in buying and selling coal in Louisville, Kentucky. On September 12th, 1906, appellant and appellee, as parties of the first part, entered into a written contract with the Ballard & Ballard Company, a corporation of Louisville, as party of the second part, by which the former agreed to furnish the latter all of the coal necessary to run its milling plant, up to and including the 30th day of June, 1907. The amount required for second party's purposes was estimated at from 25 to 40 tons per working day. The coal was to be of the grade known as Pea and Slack coal mixed, and was to be furnished from the mines of the R. Morgan Coal Company, located at Central City, Kentucky. The price of the coal was fixed at 85 cents per ton of 2,000 pounds, plus $2 per car switching, F. O. B. the purchaser's side track in the city of Louisville. In the event of riots, strikes or damage by the elements to the mines of the sellers, or the refusal of the railroad company to furnish transportation or deliver cars to the extent of rendering it impossible for the sellers to deliver the coal, the sellers agreed to make delivery by railroad car from any stock that they might have on hand, on track, or in any coal yard in the city of Louisville, but, if they had none, then the contract was to be temporarily suspended until the above cause or causes should be removed. But it was further agreed that a failure upon the part of the sellers, for any cause or causes other than those enumerated above, to furnish the purchaser with a sufficient supply of the coal specified, should be a warranty and authority to the purchaser to go into the open market and purchase its requirements of coal, for account of and at the expense of the sellers, who would then be charged with the purchase and credited with such sum as would protect the purchaser from loss by reason of such failure. All bills for coal were to be paid on or before the 5th day of the month succeeding that in which the coal was purchased. Pursuant to this contract appellant, R. Morgan Coal Company, through appellee, Louisville Coal & Coke Company, furnished to the Ballard & Ballard Company 3,050.9 tons of coal.

Charging that appellant agreed to pay appellee a commission of 10 cents per ton on each ton of coal furnished

in pursuance of the contract above referred to, appellee brought this action against appellant to recover the sum of $218.57, which the petition alleges was the balance in appellant's hands due appellee. The issues between the parties were completed by proper pleadings. A trial was then had, which resulted in a verdict and judgment for appellee in the sum of $308.69, and the R. Morgan Coal Company appeals.

It appears from the pleadings that appellant was paid for all the coal except two cars, one of which was furnished the Ballard & Ballard Company and the other to appellee. The purchase price of these two cars was $90.12. The Ballard & Ballard Company paid to appellee its proportion of this sum, and appellee had in its hands the whole of the sum at the time of the institution of this action. In addition to denying that it had contracted and agreed to pay appellee 10 cents per ton on the coal furnished under the contract above mentioned, appellant asked by way of counterclaim that it be given judgment against appellee for the $90.12 referred to. Before the case went to trial appellee confessed judgment for the amount named and judgment was entered accordingly.

It is insisted on this appeal that the instruction given by the trial court authorized appellee to recover $308.69, whereas it only sued for $218.57. During the progress of the trial, however, it was stipulated that appellant had furnished to the Ballard & Ballard Company 3,050.9 tons of coal. If, then, appellant agreed to pay appellee 10 cents per ton on the coal so furnished, there was due appellee, as commissions, the sum of $305.09. In addition to this, appellee was entitled to 10 cents per ton commission on the additional car furnished Ballard & Ballard Company, which amounted to $3.60. Deducting this amount from the $90.12 would leave the sum of $86.52 to be credited on the $305.09, for which appellee was given judgment. It is perfectly apparent from the whole record that appellee, recognizing the fact that it had the balance of $86.52 in its hands, brought suit only for the balance due it then in the hands of appellant. As appellant had been given judgment against appellee for $90.12, and as appellee recovered judgment against appellant for $308.69, it is manifest that, if appellee was entitled to recover at all, the result is practically the same as if appellee had recovered judgment for the precise amount sued for, as appellant will not be required to pay any-

thing in addition to the difference between the two judgments. While the method of procedure was such as to lead to some confusion, it would be highly technical to disturb the judgment which, considered in connection with the judgment on the counterclaim in appellant's favor, gives to appellee only that which he was entitled to recover.

The evidence for appellee is to the effect that appellant's president made an oral agreement with it to pay the commission of 10 cents per ton on all coal furnished under the written contract between appellant and appellee on the one side, and Ballard & Ballard Company on the other. This testimony for appellee was objected to because it was claimed that the coal was furnished under the contract, which did not provide for any commissions. The written contract, however, was simply an engagement on the part of both appellant and appellee to furnish to Ballard & Ballard Company a certain grade of coal upon the terms and conditions therein specified. It was not necessary that the agreement between appellant and appellee as to commissions should be set out in that contract, nor was the contract intended to cover that subject. The proof of the oral agreement in nowise varied, altered or contradicted the written contract. It was, therefore, proper to prove a parol agreement as to commissions. As to whether or not there was such an agreement, appellant's evidence is to the effect that Ballard & Ballard Company, before making a contract with appellee to furnish the coal, demanded that a responsible coal operator should join in the contract. Appellant then made the contract merely as an accommodation to appellee, which had the privilege of getting the coal wherever it pleased and without any agreement on appellant's part to pay any commissions whatever. While there is sharp conflict in the evidence, we cannot say that the finding of the jury is flagrantly against the weight of the evidence. The jury evidently took in consideration the improbability of appellee's engaging to sell appellant's coal without the expectation of any commission, and the further improbability of appellant's undertaking and binding itself to furnish the coal specified in the written contract without any expectation of being required to do so.

Other alleged errors are relied upon, but we do not deem them of sufficient importance to justify us in reversing the judgment.

Judgment affirmed.